SOMMERYILLE, J.
[1-3] Defendant, sheriff of the parish of Calcasieu, stands impeached on a petition of more than 25 resident citizens and taxpayers of that parish, at the suit of the district attorney, under and by virtue of article 222 of the state Constitution, for gross misconduct and oppression in office, as provided in article 217 of the Constitution.
There was trial by jury, and judgment dismissing the suit. Relator -has appealed, and asks for a reversal of the judgment and for the removal of defendant from office.
[4-6] The gravamen of the complaint is that a deputy sheriff, for whose official acts defendant is responsible, had been guilty of gross misconduct and oppression in office, which charges are sustained in part by the testimony in the record. Part of the acts set forth in the petition were so vaguely charged that, under the ruling of the trial judge, they were not considered. Some of the acts were committed by said deputy in his private, and not his official capacity, for which his principal is not responsible. Some of these acts were not communicated to defendant until the filing of this suit. For such defendant cannot be held responsible.
One of the acts of the deputy had been expressly forbidden by defendant, and the deputy had declared he would not do anything of the kind. 1-Ie disobeyed orders, violated the law, and is now a fugitive from justice. In the commission of this crime,, the co-conspirators of the said deputy were arrested, tried, and convicted. While the defendant has offered a reward for the capture of the said deputy sheriff, he is still at large.
We are of the opinion that defendant cannot be held liable to removal from office be *161 cause of the gross misconduct and oppression in office of his deputy, under the circumstances disclosed here. Defendant took immediate. steps to have all the parties arrested who had taken part in the crime referred to, and he succeeded in.bringing them to justice, except as to one, his former deputy. He could have done no more. On being informed that said deputy had threatened to interfere with another deputy in the discharge of his duties, defendant told his deputy what he had heard and warned him not to interfere with this other deputy, and he promised not to do so; he denied ever having made such a threat, saying that he had no such intention, and would not do anything of the kind.
Defendant cannot be condemned for believing that his deputy would not violate the law, particularly after he had been specially warned not to, and the latter had said that he would not. Defendant is not morally or legally liable under such circumstances.
There were some accidents or crimes committed and charged in the petition which the testimony entirely failed to connect the deputy of defendant with in any manner.
We are convinced, after a careful reading of the testimony, that the judgment appealed from is correct, and it is therefore affirmed.